```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   CENTRAL DISTRICT OF CALIFORNIA
10
11  MARY DE JESUS MORALES,           )   NO. CV 12-2189-E
                                     )
12                Plaintiff,         )
                                     )
13       v.                          )   MEMORANDUM OPINION
                                     )
14  MICHAEL J. ASTRUE, COMMISSIONER OF )  AND ORDER OF REMAND
    THE SOCIAL SECURITY ADMINISTRATION, )
15                                   )
                  Defendant.         )
16  _____)
17
18       Pursuant to 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that
19  Plaintiff's and Defendant's motions for summary judgment are denied,
20  Plaintiff's motion for remand is granted, and this matter is remanded
21  under sentence six for further administrative action consistent with
22  this Opinion.
23
24                            PROCEEDINGS
25
26       Plaintiff filed a complaint on March 15, 2012, seeking review of
27  the Commissioner's denial of benefits.  The parties consented to
28  proceed before a United States Magistrate Judge on April 23, 2012.
```

Plaintiff filed a motion for summary judgment on November 19, 2012. Defendant filed a motion for summary judgment on December 18, 2012. Plaintiff filed a motion for remand under sentence six of 42 U.S.C. section 405(g) on December 28, 2012. Defendant filed opposition to the motion for remand on January 4, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed March 21, 2012; and Minute Order filed January 3, 2013.

**BACKGROUND**

In March 2007, Plaintiff filed applications for disability insurance benefits and supplemental security income (Administrative Record ("A.R.") 140-45). Plaintiff asserts disability since March 31, 2005, based on alleged "chest pain, sciatic nerve, left leg numbness, headaches, depression, neck pain, pain in lower back, bulging disc, hbp [high blood pressure], anxiety, [and] insomnia" (A.R. 140, 142, 153). An Administrative Law Judge ("ALJ") found that Plaintiff suffers from severe scoliosis and spondylosis of the lumbosacral spine with radiculopathy, congenital spinal stenosis and degenerative disc disease of the cervical spine, degenerative changes of the left knee, bilateral carpal tunnel syndrome, obesity, hypertension, thyroiditis, cholelithiasis, and a depressive disorder with anxiety (A.R. 23 (adopting diagnoses at A.R. 200, 209, 382, 385-86, 764, 1178, 1180)).

The ALJ found that Plaintiff retains the residual functional capacity to perform sedentary work: (1) with preclusion from "work requiring prolonged posturing and repetitive flexion and extension of the neck, repetitive bending and torquing of the torso, forceful

strength activities with the upper extremities, repetitive fine manipulation and repetitive bending and stooping"; and (2) with the ability to stand for three to five minutes following an hour of sitting; and (3) limited to simple, repetitive work (A.R. 26 (adopting agreed medical examiner's opinion at A.R. 1411, and State agency physician's Mental Residual Functional Capacity Assessment at A.R. 779)); see also A.R. 64-65 (ALJ discussing bases for assessment)). Relying on the testimony of a vocational expert, the ALJ found that, with this capacity, Plaintiff could perform jobs as a call-out operator, dowel inspector, or document preparer, which jobs assertedly exist in significant numbers in the national economy (A.R. 30-32 (adopting vocational expert Jane Hale's testimony at 64-67)). On January 25, 2012, the Appeals Council denied review (A.R. 1-4).

   On November 28, 2012, a different ALJ found Plaintiff disabled beginning June 25, 2010 (the date of the prior ALJ's adverse decision). See Exhibit 3 to Plaintiff's motion to remand ("Exhibit 3").[1] The new ALJ found that Plaintiff retained the same residual functional capacity previously determined. Compare Exhibit 3, p. 5, with A.R. 26. Unlike the prior ALJ, however, the new ALJ found that there were no jobs Plaintiff could perform (Exhibit 3, pp. 1, 9 (adopting vocational expert Barbara Miksic's testimony)). The new ALJ explained, "[T]here has been a material change of outcome based on the testimony of the vocational expert. Consequently, I am not obligated

///

---

[1]   It appears that the onset date should have been stated as June 26, 2010, so as not to overlap with the prior ALJ's decision. See Exhibit 3, p. 1.

to accept the prior finding of non-disability." (Exhibit 3, p. 2).

**DISCUSSION**

Plaintiff requests that the Court remand this case for further administrative proceedings to consider the impact of the subsequent disability determination on Plaintiff's original applications for benefits. See Pl.'s Motion for Remand, p. 7. The Court may remand and order the Commissioner to take additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); see also Shalala v. Schaefer, 509 U.S. 292, 297 n.2 (1993) ("Sentence-six remands may be ordered in only two situations:  where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."). New evidence is "material" within the meaning of section 405(g) if it bears directly and substantially on the matter in dispute, and if there is a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination. See Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (citing Booz v. Secretary, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

The Ninth Circuit has held that a finding of disability based on a subsequent application for benefits may constitute "new and material" evidence warranting a sentence six remand. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) ("an award based on an onset date coming in the immediate proximity of an earlier denial of

benefits is worthy of further administrative scrutiny to determine whether the favorable event should alter the initial, negative outcome on the claim") (citation omitted); compare Bruton v. Massanari, 268 F.3d at 827 (finding no error in district court's denial of remand motion based on subsequent award of benefits where the subsequent award "involved different medical evidence, a different time period, and a different age classification").

In Luna, the parties agreed to a remand, and the issue on appeal was whether the remand should be for further proceedings or an award of benefits. Luna v. Astrue, 623 F.3d at 1034. The claimant in Luna had provided a notice of award indicating the Commissioner found her disabled as of the day after the prior adverse decision, but no further information concerning the second, successful application. Id. In upholding the district court's remand for further proceedings to consider whether the claimant was disabled during the first time period, the Ninth Circuit observed that, unlike in Bruton, the initial denial and subsequent award were not "easily reconcilable." The Luna Court could not conclude on the record whether the decisions concerning the claimant were reconcilable or inconsistent. Id. at 1035. Given this uncertainty, a remand for further proceedings rather than an award of benefits was the appropriate remedy. Id.

In the present case, the decision awarding benefits is obviously new and there plainly exists good cause for the failure to incorporate the new decision into the prior record. See Burton v. Heckler, 724 F.2d 1415, 1418 (9th Cir. 1984) (the "good cause" requirement is satisfied whenever new evidence "did not exist at the time of the

ALJ's decision"); see also Mayes v. Massanari, 276 F.3d 453, 462-63 (9th Cir. 2001) (declining to find "good cause" where the claimant's counsel could have but did not cause an earlier creation of the new evidence); Sanchez v. Secretary, 812 F.2d 509, 512 (9th Cir. 1987) (same). The decisive question is whether the new decision is "material" to the previous denial, i.e., whether there exists a reasonable possibility that, if the new decision had been available to the first ALJ, the outcome of the first ALJ's determination would have been different. See 42 U.S.C. § 405(g). As discussed below, this Court finds the new decision to be material.

On the current record,[2] unlike in Bruton, it appears that the two administrative decisions rely on essentially the same medical evidence. Both ALJs adopted the opinion of an agreed medical examiner in determining Plaintiff's residual functional capacity (see A.R. 29; Exhibit 3, p. 7). The same age classification applied (A.R. 30; Exhibit 3, p. 8). Both ALJs arrived at the same residual functional capacity determination (A.R. 26; Exhibit 3, p. 5). The decisions do concern different time periods of claimed disability, but the difference is of little consequence because parts of the time periods are no more than one day apart. See Luna, 623 F.3d at 1035.

In fact, the only apparent difference between the initial denial of benefits and subsequent award of benefits is a conflict in the vocational testimony, a conflict which cannot be reconciled on the

---

[2] The record does not include the evidence that was available to the new ALJ and to expert Miksic, and does not include the transcript of the subsequent hearing during which Miksic testified.

current record. Both of the reviewing ALJs asked their respective vocational experts whether jobs existed in significant numbers in the national economy for an individual with Plaintiff's age, education, work experience, and residual functional capacity – factors that were all identical in both proceedings. One expert said jobs existed in significant numbers, while the other expert said no jobs existed in significant numbers. Compare A.R. 26, 30-31 with Exhibit 3, pp. 5, 8-9.

If the first ALJ had been presented with two experts giving such conflicting testimony on the decisive vocational issue (with the testimony of the second expert having been found credible by another ALJ), then there would have existed at least a reasonable possibility that the first ALJ would have found the testimony of the second expert more credible than that of the first expert. Indeed, the present record offers no reason to prefer the testimony of the first expert to the testimony of the second expert. Accordingly, remand under sentence six is appropriate. See Luna, 623 F.3d at 1034-35; see also Mora v. Astrue, 2012 WL 4113634, at *5-*6 (N.D. Cal. Sept. 19, 2012) (finding sentence six remand appropriate based on subsequent favorable disability determination, where adverse decisions relied on "some of the same evidence" but reached different conclusions); Bagley v. Astrue, 2012 WL 3537029, at *4-*6 (N.D. Cal. Aug. 14, 2012) (same, where adverse decisions concerned "adjacent" time periods (less than two months apart), and were not easily reconcilable because they rested on same claims of disability and general set of ailments, and overlapping medical evidence); Andrew v. Astrue, 2011 WL 4584815, at *6 (D. Idaho Sept. 30, 2011) (same, where Appeals Council considered

subsequent award of benefits but provided insufficient detail to explain decision not to review, adverse disability periods were one day apart and involved claims of disabling schizophrenia (an ongoing condition), and the available record did not show the basis for awarding benefits or whether the same evidence was considered); <u>Daniel v. Astrue</u>, 2011 WL 3501759, at *6 (C.D. Cal. Aug. 9, 2011) (same); <u>Periera v. Astrue</u>, 2011 WL 251455, at *2 (D. Ariz. Jan. 26, 2011) (remand appropriate where adverse disability determinations concerned overlapping disability periods and the record was inadequate to determine whether the claimant presented different evidence to support her applications or whether there were other reasons to explain the differing outcomes); <u>Dobson v. Astrue</u>, 2010 WL 4628316, at *3-*4 (E.D. Cal. Nov. 5, 2010) (remand appropriate where adverse disability determinations concerned disability periods one day apart and the record did not indicate why the subsequent ALJ assigned an onset date that was one day after the initial denial).

IT IS SO ORDERED.[3]

DATED: February 5, 2013.

```
              _____/S/_____
                      CHARLES F. EICK
                UNITED STATES MAGISTRATE JUDGE
```

---

[3] The Court need not and does not reach any of the issues discussed in the parties' motions for summary judgment.