**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARY DE JESUS MORALES, | ) | NO. CV 12-2189-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF | ) | **AND ORDER OF REMAND** |
| THE SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, Plaintiff's motion for remand is granted, and this matter is remanded under sentence six for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 15, 2012, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on April 23, 2012.

Plaintiff filed a motion for summary judgment on November 19, 2012. Defendant filed a motion for summary judgment on December 18, 2012. Plaintiff filed a motion for remand under sentence six of 42 U.S.C. section 405(g) on December 28, 2012.  Defendant filed opposition to the motion for remand on January 4, 2013.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed March 21, 2012; and Minute Order filed January 3, 2013.

**BACKGROUND**

In March 2007, Plaintiff filed applications for disability insurance benefits and supplemental security income (Administrative Record ("A.R.") 140-45).  Plaintiff asserts disability since March 31, 2005, based on alleged "chest pain, sciatic nerve, left leg numbness, headaches, depression, neck pain, pain in lower back, bulging disc, hbp [high blood pressure], anxiety, [and] insomnia" (A.R. 140, 142, 153).  An Administrative Law Judge ("ALJ") found that Plaintiff suffers from severe scoliosis and spondylosis of the lumbosacral spine with radiculopathy, congenital spinal stenosis and degenerative disc disease of the cervical spine, degenerative changes of the left knee, bilateral carpal tunnel syndrome, obesity, hypertension, thyroiditis, cholelithiasis, and a depressive disorder with anxiety (A.R. 23 (adopting diagnoses at A.R. 200, 209, 382, 385-86, 764, 1178, 1180)).

The ALJ found that Plaintiff retains the residual functional capacity to perform sedentary work:  (1) with preclusion from "work requiring prolonged posturing and repetitive flexion and extension of the neck, repetitive bending and torquing of the torso, forceful

1   strength activities with the upper extremities, repetitive fine

2   manipulation and repetitive bending and stooping"; and (2) with the

3   ability to stand for three to five minutes following an hour of

4   sitting; and (3) limited to simple, repetitive work (A.R. 26 (adopting

5   agreed medical examiner's opinion at A.R. 1411, and State agency

6   physician's Mental Residual Functional Capacity Assessment at A.R.

7   779)); see also A.R. 64-65 (ALJ discussing bases for assessment)).

8   Relying on the testimony of a vocational expert, the ALJ found that,

9   with this capacity, Plaintiff could perform jobs as a call-out

10  operator, dowel inspector, or document preparer, which jobs assertedly

11  exist in significant numbers in the national economy (A.R. 30-32

12  (adopting vocational expert Jane Hale's testimony at 64-67)).   On

13  January 25, 2012, the Appeals Council denied review (A.R. 1-4).

14

15        On November 28, 2012, a different ALJ found Plaintiff disabled

16  beginning June 25, 2010 (the date of the prior ALJ's adverse

17  decision).  See Exhibit 3 to Plaintiff's motion to remand ("Exhibit

18  3").[1]  The new ALJ found that Plaintiff retained the same residual

19  functional capacity previously determined.  Compare Exhibit 3, p. 5,

20  with A.R. 26.  Unlike the prior ALJ, however, the new ALJ found that

21  there were no jobs Plaintiff could perform (Exhibit 3, pp. 1, 9

22  (adopting vocational expert Barbara Miksic's testimony)).   The new ALJ

23  explained, "[T]here has been a material change of outcome based on the

24  testimony of the vocational expert.  Consequently, I am not obligated

25  ///

26

27        [1]     It appears that the onset date should have been stated as
    June 26, 2010, so as not to overlap with the prior ALJ's decision.
28  See Exhibit 3, p. 1.

1  to accept the prior finding of non-disability." (Exhibit 3, p. 2).

2

3                              **DISCUSSION**

4

5      Plaintiff requests that the Court remand this case for further

6  administrative proceedings to consider the impact of the subsequent

7  disability determination on Plaintiff's original applications for

8  benefits.  See Pl.'s Motion for Remand, p. 7.  The Court may remand

9  and order the Commissioner to take additional evidence "upon a showing

10 that there is new evidence which is material and that there is good

11 cause for the failure to incorporate such evidence into the record in

12 a prior proceeding."  42 U.S.C. § 405(g); see also Shalala v.

13 Schaefer, 509 U.S. 292, 297 n.2 (1993) ("Sentence-six remands may be

14 ordered in only two situations:  where the Secretary requests a remand

15 before answering the complaint, or where new, material evidence is

16 adduced that was for good cause not presented before the agency.").

17 New evidence is "material" within the meaning of section 405(g) if it

18 bears directly and substantially on the matter in dispute, and if

19 there is a reasonable possibility that the new evidence would have

20 changed the outcome of the Secretary's determination.  See Bruton v.

21 Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (citing Booz v.

22 Secretary, 734 F.2d 1378, 1380-81 (9th Cir. 1984)).

23

24     The Ninth Circuit has held that a finding of disability based on

25 a subsequent application for benefits may constitute "new and

26 material" evidence warranting a sentence six remand.  See Luna v.

27 Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010) ("an award based on an

28 onset date coming in the immediate proximity of an earlier denial of

                                      4

1 | benefits is worthy of further administrative scrutiny to determine
2 | whether the favorable event should alter the initial, negative outcome
3 | on the claim") (citation omitted); compare Bruton v. Massanari, 268
4 | F.3d at 827 (finding no error in district court's denial of remand
5 | motion based on subsequent award of benefits where the subsequent
6 | award "involved different medical evidence, a different time period,
7 | and a different age classification").

8 |

9 |       In Luna, the parties agreed to a remand, and the issue on appeal
10 | was whether the remand should be for further proceedings or an award
11 | of benefits.  Luna v. Astrue, 623 F.3d at 1034.  The claimant in Luna
12 | had provided a notice of award indicating the Commissioner found her
13 | disabled as of the day after the prior adverse decision, but no
14 | further information concerning the second, successful application.
15 | Id.  In upholding the district court's remand for further proceedings
16 | to consider whether the claimant was disabled during the first time
17 | period, the Ninth Circuit observed that, unlike in Bruton, the initial
18 | denial and subsequent award were not "easily reconcilable."  The Luna
19 | Court could not conclude on the record whether the decisions
20 | concerning the claimant were reconcilable or inconsistent.  Id. at
21 | 1035.  Given this uncertainty, a remand for further proceedings rather
22 | than an award of benefits was the appropriate remedy.  Id.

23 |

24 |       In the present case, the decision awarding benefits is obviously
25 | new and there plainly exists good cause for the failure to incorporate
26 | the new decision into the prior record.  See Burton v. Heckler, 724
27 | F.2d 1415, 1418 (9th Cir. 1984) (the "good cause" requirement is
28 | satisfied whenever new evidence "did not exist at the time of the

1  ALJ's decision"); see also Mayes v. Massanari, 276 F.3d 453, 462-63

2  (9th Cir. 2001) (declining to find "good cause" where the claimant's

3  counsel could have but did not cause an earlier creation of the new

4  evidence); Sanchez v. Secretary, 812 F.2d 509, 512 (9th Cir. 1987)

5  (same).  The decisive question is whether the new decision is

6  "material" to the previous denial, i.e., whether there exists a

7  reasonable possibility that, if the new decision had been available to

8  the first ALJ, the outcome of the first ALJ's determination would have

9  been different.  See 42 U.S.C. § 405(g).  As discussed below, this

10  Court finds the new decision to be material.

11

12      On the current record,[2] unlike in Bruton, it appears that the two

13  administrative decisions rely on essentially the same medical

14  evidence.  Both ALJs adopted the opinion of an agreed medical examiner

15  in determining Plaintiff's residual functional capacity (see A.R. 29;

16  Exhibit 3, p. 7).  The same age classification applied (A.R. 30;

17  Exhibit 3, p. 8).  Both ALJs arrived at the same residual functional

18  capacity determination (A.R. 26; Exhibit 3, p. 5).  The decisions do

19  concern different time periods of claimed disability, but the

20  difference is of little consequence because parts of the time periods

21  are no more than one day apart.  See Luna, 623 F.3d at 1035.

22

23      In fact, the only apparent difference between the initial denial

24  of benefits and subsequent award of benefits is a conflict in the

25  vocational testimony, a conflict which cannot be reconciled on the

26

27      [2]   The record does not include the evidence that was
available to the new ALJ and to expert Miksic, and does not include

28  the transcript of the subsequent hearing during which Miksic
testified.

current record.  Both of the reviewing ALJs asked their respective

vocational experts whether jobs existed in significant numbers in the

national economy for an individual with Plaintiff's age, education,

work experience, and residual functional capacity – factors that were

all identical in both proceedings.  One expert said jobs existed in

significant numbers, while the other expert said no jobs existed in

significant numbers.  <u>Compare</u> A.R. 26, 30-31 <u>with</u> Exhibit 3, pp. 5, 8-

9.

If the first ALJ had been presented with two experts giving such

conflicting testimony on the decisive vocational issue (with the

testimony of the second expert having been found credible by another

ALJ), then there would have existed at least a reasonable possibility

that the first ALJ would have found the testimony of the second expert

more credible than that of the first expert.  Indeed, the present

record offers no reason to prefer the testimony of the first expert to

the testimony of the second expert.  Accordingly, remand under

sentence six is appropriate.  <u>See</u> <u>Luna</u>, 623 F.3d at 1034-35; <u>see also</u>

<u>Mora v. Astrue</u>, 2012 WL 4113634, at *5-*6 (N.D. Cal. Sept. 19, 2012)

(finding sentence six remand appropriate based on subsequent favorable

disability determination, where adverse decisions relied on "some of

the same evidence" but reached different conclusions); <u>Bagley v.</u>

<u>Astrue</u>, 2012 WL 3537029, at *4-*6 (N.D. Cal. Aug. 14, 2012) (same,

where adverse decisions concerned "adjacent" time periods (less than

two months apart), and were not easily reconcilable because they

rested on same claims of disability and general set of ailments, and

overlapping medical evidence); <u>Andrew v. Astrue</u>, 2011 WL 4584815, at

*6 (D. Idaho Sept. 30, 2011) (same, where Appeals Council considered

subsequent award of benefits but provided insufficient detail to
explain decision not to review, adverse disability periods were one
day apart and involved claims of disabling schizophrenia (an ongoing
condition), and the available record did not show the basis for
awarding benefits or whether the same evidence was considered); <u>Daniel
v. Astrue</u>, 2011 WL 3501759, at *6 (C.D. Cal. Aug. 9, 2011) (same);
<u>Periera v. Astrue</u>, 2011 WL 251455, at *2 (D. Ariz. Jan. 26, 2011)
(remand appropriate where adverse disability determinations concerned
overlapping disability periods and the record was inadequate to
determine whether the claimant presented different evidence to support
her applications or whether there were other reasons to explain the
differing outcomes); <u>Dobson v. Astrue</u>, 2010 WL 4628316, at *3-*4 (E.D.
Cal. Nov. 5, 2010) (remand appropriate where adverse disability
determinations concerned disability periods one day apart and the
record did not indicate why the subsequent ALJ assigned an onset date
that was one day after the initial denial).


        IT IS SO ORDERED.[3]


        DATED:   February 5, 2013.


                         _____/S/_____
                                CHARLES F. EICK
                         UNITED STATES MAGISTRATE JUDGE


_____

        [3]    The Court need not and does not reach any of the issues
discussed in the parties' motions for summary judgment.