```
                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| MARY DE JESUS MORALES, | ) NO. CV 12-2189-E |
| Plaintiff, | ) |
| v. | ) ORDER RE: "COUNSEL'S MOTION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) FOR ATTORNEY FEES PURSUANT TO |
| | ) 42 U.S.C. § 406(b)" |
| Defendant. | ) |

On December 9, 2014, counsel for Plaintiff filed "Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)" ("the Motion"). On December 16, 2014, Defendant filed "Defendant's Non-Opposition Response, etc." Counsel for Plaintiff seeks attorney fees in the amount of $15,000.

**BACKGROUND**

The Court previously remanded this matter to the Commissioner for further administrative action pursuant to sentence six of 42 U.S.C. section 405(g). The Commissioner subsequently awarded benefits to

Plaintiff totaling $69,584. From that award, the Administration has withheld 25 percent or $17,396, for a possible award of attorney fees under 42 U.S.C. section 406. Following the award of benefits, and in accordance with stipulations filed by the parties, the Court entered Judgment for Plaintiff and awarded $7,000 in attorney fees and expenses under the Equal Access to Justice Act ("EAJA").

Throughout this matter, Plaintiff's counsel has represented Plaintiff under a contingent fee agreement providing for fees in the amount of twenty-five percent of past-due benefits. Twenty-five percent of the past due benefits awarded is $17,396 - a fee larger than the $15,000 counsel now is seeking under section 406(b).

**APPLICABLE LAW**

Section 406(b)(1) of Title 42 provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph. 42 U.S.C. § 406(b)(1)(A).

///
///

1      According to the United States Supreme Court, section 406(b)
2      does not displace contingent-fee agreements as the primary
3      means by which fees are set for successfully representing
4      Social Security benefits claimants in court.  Rather,
5      § 406(b) calls for court review of such arrangements as an
6      independent check, to assure that they yield reasonable
7      results in particular cases.  Congress has provided one
8      boundary line:  Agreements are unenforceable to the extent
9      that they provide for fees exceeding 25 percent of the past-
10     due benefits.  Within this 25 percent boundary . . . the
11     attorney for the successful claimant must show that the fee
12     sought is reasonable for the services rendered.  <u>Gisbrecht</u>
13     <u>v. Barnhart</u>, 535 U.S. 789, 807 (2002) (citations omitted)
14     ("<u>Gisbrecht</u>").

16  The hours spent by counsel representing the claimant and
17 counsel's "normal hourly billing charge for noncontingent-fee cases"
18 may aid "the court's assessment of the reasonableness of the fee
19 yielded by the fee agreement."  <u>Id.</u> at 808.  The Court appropriately
20 may reduce counsel's recovery

22     based on the character of the representation and the results
23     the representative achieved.  If the attorney is responsible
24     for delay, for example, a reduction is in order so that the
25     attorney will not profit from the accumulation of benefits
26     during the pendency of the case in court.  If the benefits
27     are large in comparison to the amount of time counsel spent
28     on the case, a downward adjustment is similarly in order.

1 | Id. (citations omitted).

## DISCUSSION

The fee sought does not exceed the agreed-upon twenty-five percent of past-due benefits. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits. Because the present case is legally indistinguishable from Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), this Court is unable to find that a comparison of the benefits secured and the time Plaintiff's counsel spent on the matter suggest the unreasonableness of the fee sought. Therefore, the Court concludes that "the fee sought is reasonable for the services rendered," within the meaning of Gisbrecht. Accordingly, the Court allows section 406(b) fees in the gross amount of $15,000.

The only remaining issue concerns the extent to which Plaintiff's counsel must now reimburse Plaintiff for the EAJA fee previously awarded. Plaintiff's counsel proposes to reimburse Plaintiff in the amount of $4,000. Defendant submits that counsel for Plaintiff must now reimburse Plaintiff in the full amount of $7,000. Defendant states that the $4,000 reimbursement number proposed by Plaintiff's counsel "appears to be a mistake" ("Defendant's Non-Opposition Response, etc." at 3 n.2).

///
///

Under the "savings provision,"[1] "[w]hen an attorney receives fees under both section 406(b) and the EAJA 'for the same work,' the attorney must reimburse the claimant for the smaller of the two awards. . . ." Chapa v. Astrue, 814 F. Supp. 2d 957, 960 (C.D. Cal. 2011) ("Chapa") (citations omitted). In Chapa, this Court recognized the possibility that an attorney who receives a section 406(b) award following a sentence six remand might be able to prove that a lesser EAJA fee award should not be refunded to the claimant in its entirety. In Chapa, this Court accepted proof of the extent to which the EAJA fee there included a component (for post-sentence six remand work before the Administration) not constituting "the same work" comprehended by the section 406(b) award. Id. at 963-67. In light of Chapa, this Court construes counsel's proposal for a $4,000 reimbursement to Plaintiff not as a "mistake," but as an attempt to take advantage of the Chapa holding.

A subsequent Ninth Circuit decision casts some doubt on the continuing validity of the Chapa holding, however. In Parrish v. Commissioner, 698 F.3d 1215, 1221 (9th Cir. 2012) ("Parrish"), the Ninth Circuit stated:

> We therefore hold that if a court awards attorney fees under § 2412(d) [EAJA] for the representation of a Social Security claimant on an action for past-due benefits, and also awards attorney fees under § 406(b)(1) for representation of the same claimant in connection with the same claim, the

---

[1] Act of August 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183 (published in the Notes following 28 U.S.C. § 2412).

```
             claimant's attorney 'receives fees for the same work' under
             both § 2412(d) and § 406(b)(1) for purposes of the EAJA
             savings provision.
```

     The Parrish case did not involve any section six remand and did not specifically discuss the Chapa holding.  Nevertheless, the breadth of the language in the Parrish decision calls into serious question whether a court in this circuit properly may deem any component of an EAJA fee award to have been other than "for the same work" comprehended by the section 406(b) award.

     In the present case, the Court need not and does not determine the effect of the Parrish decision on the continuing validity of the Chapa holding.  Assuming arguendo the Chapa holding remains valid after Parrish, counsel for Plaintiff has failed to present sufficient factual proof to bring the present case within the compass of the Chapa holding.  The stipulation that led to the $7,000 EAJA fee award did not provide any basis for determining the extent to which the $7,000 amount represented worked before the Administration as distinguished from work before the Court.  In the present Motion, counsel now purports to "allocate[] the total EAJA as $4,000 for the Court process and $3,000 to the agency process as a reasonable split" (Motion at 7).  Neither in the Motion's points and authorities nor in the declaration appended to the Motion does counsel adequately justify the "split" proposed.  Unlike in Chapa, Plaintiff's counsel herein has not itemized the time spent on work before the Administration, has not offered to assume that 100 percent of the time counsel spent before the Court was compensated in the EAJA award, and has not eschewed the

intent to seek additional fees from the Administration under section 406(a).

Moreover, counsel apparently intends eventually to reimburse Plaintiff in the full $7,000 amount (Motion at 7, 10). Counsel indicates, however, that the processing of the potentially duplicative fee petitions pending before the Administration "may take significantly longer than the court process takes" (id. at 7). As a practical matter, therefore, the issue presently before this Court reduces itself to the issue of whether Plaintiff or Plaintiff's counsel should bear the burden of any delay in determining the fee petitions pending before the Administration. The Court believes that Plaintiff's counsel should bear this burden, in keeping with the underlying policy of the "savings provision" "to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys. . . ." Parrish, 698 F.3d at 1218.

**ORDER**

Section 406(b) fees are allowed in the gross amount of $15,000, to be paid out of the sums withheld by the Commissioner from

///
///
///
///
///
///
///

7

Plaintiff's benefits.  Counsel shall reimburse Plaintiff in the amount of $7,000, previously paid by the Government under the EAJA.

IT IS SO ORDERED.

DATED: January 22, 2015.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE